IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JERRY LEE MARSHALL                                                                         PLAINTIFF
ADC #97894

V.                                          NO.  5:07cv00218 JMM

GARY YOUNG, et al                                                                       DEFENDANTS

## ORDER

On August 28, 2007, Plaintiff, a pro se inmate currently confined to the Varner Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

### I.  Background

Plaintiff has named the Cleveland County Sheriff's Department chief investigator and a deputy sheriff as Defendants to this action.  According to his complaint (docket entry #2), he and Miss Anna Blanco were arrested on June 2, 2006, and charged with delivery of a controlled substance (crack cocaine).  At the time of his arrest, Defendant Bradley counted Plaintiff's money ($1,245.00) and then had Plaintiff watch him place the cash in Plaintiff's personal property box.  Plaintiff alleges he was permitted to call his sister to come retrieve his wallet and money; however, his sister did not come until the following morning. When she requested the wallet and money, a Mrs. Maranda denied her request as instructed by Defendant Young.  On June 5, 2006, Plaintiff alleges that Defendants took his wallet and money from his personal property box and placed it with Anna Blanco's

money ($86.00). He claims that his money had nothing to do with Anna Blanco's money and requests this Court's assistance in filing a lawsuit against Defendants for return of his property.

On May 11, 2007, Plaintiff filed a motion for return or restoration of seized things under Rule 15.2(A)(I)(B)(IV) and (E). Attached to Plaintiff's complaint there is documentation that indicates that his money was seized on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance. Judgment was entered on his motion on July 16, 2007 (see Case No. CV-2006-30-6), with a court determination that the money was subject to forfeiture. That case is currently on appeal to the Arkansas Supreme Court, as is Plaintiff's underlying criminal case (see Case No. CR-2006-44-5).

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim

or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  Haines, 404 U.S. at 520-21.

### III.  Analysis

This is a pending state matter and insofar as Plaintiff's § 1983 claims arise out of the prosecution of his criminal and civil cases, they are not cognizable in the Federal District Court.  It has long been the rule that federal courts should abstain from interfering in ongoing state civil and criminal proceedings.  Younger v. Harris, 401 U.S. 37, 43-45 (1971).  Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598,  (8th Cir. 1999) (district court properly abstained due to ongoing state judicial proceeding and state interest in regulating motor vehicle sales).  In Younger, the Supreme Court explained the fundamental policy considerations that counsel against the exercise of jurisdiction in the face of ongoing state proceedings:

> [T]he concept [of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

Younger, 401 U.S. at 44.  This Court must consider three key issues in determining whether to invoke Younger abstention: (1) there must be an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional

challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Cormack v. Settle-Beshears, 474 F.3d 528, 532 (8th Cir. 2007); Silverman v. Silverman, 267 F.3d 788, 792 (8th Cir. 2001); Yamaha Motor Corp., U.S.A. v. Riney, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435.

In the present case, Plaintiff's underlying criminal and civil cases are pending before the Arkansas Supreme Court, both on appeal. Thus, the first requirement for abstention is satisfied. Second, delivery of a controlled substance and the money received in exchange for same without question implicate important state interests. Delivery of a controlled substance (crack cocaine) is a Class Y felony, regulated by Arkansas statute, and Plaintiff has been charged in state court. The Court is therefore satisfied that the present action implicates important state interests and the second requirement for abstention is satisfied. Finally, there is no indication that Plaintiff has been prevented or will be prevented in the future from raising any forfeiture/seizure claims he may have in his state proceedings. To the contrary, Plaintiff's forfeiture/seizure case is currently on appeal to the Arkansas Supreme Court. The relevant inquiry is whether a plaintiff in the federal action "could have raised" or "in fact did raise" his or her federal constitutional claims before the state court. Night Clubs, Inc. v. City of Fort Smith, 163 F.3d 475, 480 (8th Cir. 1998). The Court therefore finds that the third requirement for abstention is satisfied. In addition, the Court finds no "exceptional circumstances" that counsel against Younger abstention. For example, there is no evidence that the state tribunal is "incompetent, biased, or otherwise incapable of fairly interpreting" the question(s) at issue. Stroud, 179

F.3d at 603.  Because the state proceedings are ongoing, the potential for federal-state friction is obvious.  This Court will therefore abstain from deciding Plaintiff's claims until the state court has had a <u>full</u> opportunity to review the circumstances surrounding the charges against him.

### IV. Conclusion

For the reasons set forth herein,

1. The Court abstains from deciding Plaintiff's claims until the state court has had a full opportunity to review the circumstances surrounding the pending charges. Plaintiff's case is therefore DISMISSED WITHOUT PREJUDICE.

2. All pending motions are DENIED AS MOOT.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from this order and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal counts as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[1]

IT IS SO ORDERED this 30th day of October, 2007.


UNITED STATES DISTRICT JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.